**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Rob's Pro Photos, LLC,

Plaintiff,

v.

Haute Inhabit LLC,

Defendant.

Case No:


**COMPLAINT**


JURY TRIAL DEMANDED

Plaintiff Rob's Pro Photos, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Haute Inhabit LLC ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1.      This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2.      Plaintiff is a professional photography company whose work has been widely published in editorial, entertainment, celebrity, lifestyle, fashion, and media publications.

3.      Plaintiff regularly creates and licenses photographs depicting celebrities, entertainers, public figures, fashion-related subjects, cultural events, and matters of public interest. Through substantial investment of time, skill, creativity, training, equipment, travel, and expense, Plaintiff and its photographers have developed a valuable portfolio of original photographic works that are routinely licensed for authorized editorial, commercial, promotional, and digital-media uses.

4.      Plaintiff owns the rights in and to a photograph depicting Kim Kardashian (the "*Photograph*"), including rights acquired through written assignment, and licenses the Photograph for authorized online, editorial, and print uses.

5.      Defendant owns, operates, manages, maintains, and controls a website located at www.lainyhedaya.com (the "*Website*").

1

6. Upon information and belief, Defendant uses the Website as a significant component of its publishing, branding, audience-development, advertising, and revenue-generation activities.

7. Defendant, without permission or authorization from Plaintiff, reproduced and publicly displayed the Photograph through the Website in connection with its commercial activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

8. Plaintiff is a Florida limited liability company and maintains a principal place of business in Miami-Dade County, Florida.

9. Defendant is a New York limited liability company with a principal place of business at 7014 13th Avenue, Suite 202, Brooklyn in Kings County, New York.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

11. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

12. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

A. **Plaintiff's Copyright Ownership**

13. Plaintiff is a professional photography company whose work has been widely published in editorial, entertainment, celebrity, lifestyle, fashion, and media publications.

14. Plaintiff regularly creates and licenses photographs depicting celebrities, entertainers, public figures, fashion-related subjects, cultural events, and matters of public interest. Through substantial investment of time, skill, creativity, training, equipment, travel, and expense,

Plaintiff and its photographers have developed a valuable portfolio of original photographic works that are routinely licensed for authorized editorial, commercial, promotional, and digital-media uses.

15.    Plaintiff has devoted substantial time, skill, effort, and expense to developing its photography business and creating a portfolio of original photographic works.

16.    Plaintiff's photographs are valuable intellectual-property assets that are commercially licensed to publishers, media outlets, websites, businesses, marketing agencies, public-relations firms, and other third parties for authorized use.

17.    Plaintiff derives income from the licensing and authorized use of copyrighted photographic works and relies upon licensing revenue as an important component of its photography business.

18.    Plaintiff actively protects its copyrighted works against unauthorized reproduction, distribution, and display.

19.    Unauthorized use of Plaintiff's photographs deprives Plaintiff of licensing income, diminishes the value of its copyrighted works, and interferes with the market for authorized licenses.

20.    Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office covering many of its photographs.

21.    Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

22.    On  December 3, 2019, O' Neil first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

23.    In creating the Photograph, O' Neil personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

24.    On February 3, 2020, the Photograph was registered by the USCO under Registration No. VA 2-190-928.

3

25.    O' Neil created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

26.    Plaintiff acquired the rights in and to the Photograph by way of written assignment.

**B.**    **Defendant's Infringing Activity**

27.    Defendant is the registered owner of the Website and is responsible for its content.

28.    Defendant is the operator of the Website and is responsible for its content.

29.    The Website is a key component of Defendant's popular and lucrative commercial enterprise.

30.    Upon information and belief, Defendant operates a fashion, lifestyle, and digital-media business that publishes editorial content through the Website.

31.    Upon information and belief, the Website serves as a primary marketing, branding, publishing, and audience-engagement platform through which Defendant publishes fashion content, lifestyle content, celebrity-related content, consumer-product content, and related editorial materials.

32.    Upon information and belief, Defendant regularly publishes photographs depicting celebrities, fashion trends, luxury products, cultural topics, and other subjects intended to attract audience attention and engagement.

33.    Upon information and belief, Defendant derives commercial benefit from operation of the Website through readership growth, audience engagement, advertising opportunities, affiliate-marketing opportunities, brand promotion, sponsorship opportunities, and related revenue-generating activities.

34.    On or about February 25, 2023, without permission or authorization from Plaintiff, Defendant volitionally reproduced and publicly displayed Defendant displayed the Photograph on the Website as part of an on-line story at URL : https://www.lainyhedaya.com/journal/the-saddle-bag. (the *"Infringement").* A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

35.    Upon information and belief, Defendant selected and displayed the Photograph

4

because of its celebrity subject matter, visual appeal, and ability to attract audience attention and engagement.

36.     Upon information and belief, the Photograph was incorporated into editorial content curated and published by Defendant to increase audience engagement, enhance Defendant's brand visibility, and attract readers to the Website.

37.     Upon information and belief, Defendant derived commercial value from using the Photograph to attract visitors to the Website, retain reader attention, increase audience engagement, and enhance the effectiveness of Defendant's promotional, editorial, and commercial activities.

38.     The Photograph was reproduced, displayed, and stored by Defendant at URL: https://images.squarespace-cdn.com/content/v1/60dcf5ab3b27aa3ca2584a8b/1677332627286-FIWXYREX5J25MBF1NKI9/kim%20kardashian%20in%20dior%20saddle%20bag.jpeg.

39.     The Infringement is a copy or substantially similar copy of Plaintiff's Photograph, including protectable elements such as composition, subject matter, timing, angle, lighting, perspective, and overall expressive content.

40.     Plaintiff first observed the Infringement on September 19, 2023.

41.     Upon information and belief, Defendant reproduced, displayed, distributed, and otherwise exploited the Photograph without license or permission, thereby infringing Plaintiff's copyrights in and to the Photograph (the "*Infringement*").

42.     The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement.

43.     Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Website, including Plaintiff's Photograph.

44.     Upon information and belief, the Photograph was intentionally and willfully

5

selected, published, displayed, and distributed by Defendant.

45.     Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was unaware of the infringing activities constituting the Infringement because such a claim would amount to willful blindness.

46.     Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

47.     Upon information and belief, Defendant maintained and exercised the right and ability to control, supervise, review, approve, modify, remove, and otherwise regulate content appearing on the Website.

48.     Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

49.     Upon information and belief, the Infringement increased engagement with the Website and generated additional audience traffic, brand visibility, reader interest, promotional value, and commercial value for Defendant.

50.     Upon information and belief, Defendant distributed the Infringement to a broad audience through the Website and derived commercial value from the resulting audience engagement, promotional exposure, brand visibility, reader interaction, audience growth, increased website traffic, and related business-development opportunities.

51.     Upon information and belief, Defendant maintained and exercised the right and ability to supervise, review, approve, modify, remove, and otherwise regulate content appearing on the Website.

52.     Defendant's use of the Photograph harmed the actual market for the Photograph.

53.     Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

54.     On November 17, 2023, Plaintiff, through counsel, notified Defendant of the infringing activity described herein and demanded that Defendant cease and desist from its

unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use thereof.

55.     Thereafter, on March 11, 2024, Plaintiff, through counsel, sent an additional communication seeking to resolve the dispute without litigation and affording Defendant a further opportunity to address Plaintiff's claims.

56.     Despite receiving notice of Plaintiff's claims and being afforded multiple opportunities to resolve the matter amicably, Defendant failed and/or refused to adequately address Plaintiff's claims.

57.     Upon information and belief, the Infringement remained publicly accessible through the Website after Defendant received Plaintiff's notices concerning the Infringement.

58.     Despite receiving notice of Plaintiff's claims, Defendant continued to reproduce, display, distribute, and otherwise exploit the Photograph through the Website. Such post-notice conduct evidences Defendant's knowledge of Plaintiff's rights and supports a finding that Defendant's infringement was knowing, intentional, and willful.

59.     The commencement of this action was therefore necessary to protect Plaintiff's rights under the Copyright Act.

60.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

61.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

62.     The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

63.     The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

64.     Plaintiff has not granted Defendant a license or the right to use the Photograph in

any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

65.    Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

66.    Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

67.    Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

68.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

69.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

70.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

71.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C.

8

§501 *et seq.* and therefore award damages and monetary relief as follows:

    a.    finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

    b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

    e.    for pre-judgment interest as permitted by law; and

    f.    for any other relief the Court deems just and proper.

DATED: August 13, 2026

                    **SANDERS LAW GROUP**

                    By:    */s/ Craig Sanders*
                    Craig Sanders, Esq.
                    333 Earle Ovington Blvd, Suite 402
                    Uniondale, NY 11553
                    Tel: (516) 203-7600
                    Email: csanders@sanderslaw.group
                    File No.: 128998

                    *Attorneys for Plaintiff*